UNITED STATES, Appellee

v

WILLIE J. WALTERS, Private, U. S. Army, Appellant

22 USCMA 255, 46 CMR 255

No. 26,252

May 4, 1973

*Captain Howard M. Schmeltzer* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Peter M. Davenport, Captain William X. Parsons,* and *Captain Francis X. Gindhart.*

*Captain Lawrence R. Ehrhard* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Richard L. Menson,* and *Captain Merle F. Wilberding.*

DUNCAN, Judge:

We granted review in this case on the single issue of whether the appellant's plea of guilty to Charge I (violation of AR 600–32 by wrongfully having in his possession secobarbital)[1] was provident.

AR 600–32, dated September 23, 1970, provides, in pertinent part, in paragraph 2–3a:

Army personnel subject to this regulation will not use, possess, sell, distribute, deliver, process, compound, or manufacture any narcotic, marijuana, or other dangerous drugs as defined in paragraph 1–2c, nor will they introduce any such drug onto an Army installation or other government property except that which has been legally obtained for a purpose or use authorized or accepted by law.

During his inquiry into the providency of the plea, the military judge, after explaining the elements of the offense and securing from the appellant an affirmation that he understood those elements, inquired:

MJ: Do you understand that your plea of guilty would admit each element?
ACC: Yes, sir.

MJ: You further understand, that it is not required by the government to prove that you had knowledge of this general regulation?
ACC: Yes, sir.

MJ: Now, on the 26th of August, 1971, did you have in your possession, wrongfully, a drug known as secobarbital?
ACC: Yes, sir.

MJ: Do you understand that this was wrongful?
ACC: Yes, sir.

MJ: Now, as defense counsel, are you satisfied that there is no legit-imate or valid defense, as to this charge?
DC: I am, Your Honor.

MJ: Is the government prepared to prove this offense?
TC: Yes, Your Honor.

MJ: Now, in connection with the regulation itself, has it been ascertained that this particular drug, secobarbital, is a derivative, or a dangerous and unlawful drug?
TC: Yes, Your Honor, defense counsel will stipulate that secobarbital is a derivative of barbituric acid, and barbituric acid is listed in the comprehensive drug control act of 1970, which is public law number 91–5. This states that any quantity or derivative of barbituric acid is in a conflict with drug abuse. Therefore, secobarbital is a derivative, which is in violation of AR 600–32.

MJ: I want to be perfectly clear on this.

Also introduced at trial was a stipulation of fact which included the following:

On 30 July 1971 the accused was confined in the Center Confinement Facility for the offense of possession of narcotics. He was subsequently transferred to the Hospital Prisoner Ward, Ward 5A, Room 503, at DeWitt Army Hospital, Fort Belvoir, Virginia for treatment for heroin withdrawal. On 25 August 1971, the accused complained of headaches and trouble with sleeping. At 2100 hours 25 August 1971, he was administered a secobarbital tablet which had been prescribed by a doctor. The nurse, charged with the responsibility of administering medicine, directed that he ingest the tablet in her presence. The accused placed the tablet in his mouth and disobeying her directions, removed it from his mouth after the nurse left the ward. The accused was given a syringe and needle by another prisoner con-

[1] Walters also pleaded guilty to a single specification of larceny (Charge II)

fined in the hospital prisoner ward. On 26 August 1971, the accused placed the tablet of secobarbital in the syringe with water intending to inject this solution into himself at a later time. He placed the syringe containing the secobarbital solution in his pocket. A short time later, a Medic entered the hospital Prisoner Ward to apply a heating pad to the accused's arm. While doing so, he noticed a syringe containing a pink fluid in the accused's top pajama pocket. The Medic removed the syringe and turned it over to the military police.

Patients in DeWitt Army Hospital are not permitted to administer medicine to themselves while patients in the hospital. The accused did not have authority to administer secobarbital to himself at anytime other than when administered by a nurse. The accused was not given permission or authority to maintain secobarbital in his possession, by any member of the hospital staff or by any other person.

Secobarbital is a derivative of barbituric acid. As such, secobarbital is a dangerous drug and which has a potential for abuse because of its depressant effect on the central nervous system.

After perusing the stipulation, the military judge informed the appellant:

MJ: You understand that this stipulation of fact, is that you are admitting that everything that happened here is true. This is not what the witnesses would testify to if they were here in court. This is an admission of the facts?
ACC: Yes, sir.

MJ: This is designed to advise me of the background of the offenses charged. Now, this stipulation of fact indicates that the accused is administered a secobarbital tablet, as prescribed by the doctor, which was to be taken orally, is that correct?
DC: Yes, Your Honor.

MJ: However, he did not take it orally, but retained it for intravenous injection, is that correct?
DC: I believe the document states that he placed it in his mouth, and then removed it from his mouth.

MJ: Let me ask you this. Is there an effect, that is different from taking it intravenously as against orally?
DC: Your Honor, I could not answer that question with any authority, to determine that answer would be relevant. I have no authority that the effect is different.

TC: Your Honor, the government would submit, that a rightful possession of secobarbital, is only in the presence of a nurse, who is charged with the responsibility of administering. Actually, the accused took the drug out of his mouth. The government would submit, that the possession became wrongful at that point, in violation of the regulation.

MJ: I believe, it is perhaps common knowledge, that some drugs have a different effect, depending upon the way they are administered. To my knowledge, barbiturates are not generally administered intravenously, but orally. Have you gone over this aspect, Captain Davidson, and are convinced there is no legitimate or valid defense?
DC: Yes, Your Honor. I have investigated into the matter, and the defense is admitting that the possession was wrongful by not taking at the direction of the nurse.

MJ: I just wanted to make sure that this has been completely explored. Do you have any questions about the elements of the offenses, that I have talked to you about?
ACC: No, sir.

MJ: Let me ask you this. In connection with this pill, this tablet of secobarbital, did the nurse give you this to be taken orally?
ACC: Yes, sir.

MJ: What did you do, put it in your mouth?

ACC: I put it in my mouth, and when the nurse left, I took it out.

MJ: What did you do with it after?

ACC: I wanted to inject it in my arm.

MJ: Did you know this was wrongful?

ACC: Yes, sir.

After again receiving assurances from defense counsel that he was satisfied there was no legitimate or valid defense the military judge accepted the plea and entered a finding of guilty.

Appellate defense counsel maintain that the plea of guilty to Charge I and its specification was improvident because paragraph 2–3a of AR 600–32 excepted the appellant's conduct from its prohibitions—"that [drug] which has been legally obtained for a purpose or use authorized or accepted by law." They contend that since the appellant originally obtained the secobarbital tablet in a lawful manner (for his own use pursuant to a doctor's prescription for a military purpose), his continued possession of the drug for personal use in a manner not envisioned by the prescription is immaterial. Inasmuch as the military judge failed to secure from the appellant an admission that he obtained the tablet by fraud, misrepresentation, deception or subterfuge, they argue, it cannot be concluded that the appellant obtained the drug illegally.

Government appellant counsel assert that AR 600–32 ("DRUG ABUSE PREVENTION AND CONTROL"), which implements the purpose and policy of Department of Defense Directive 1300-.11 ("Illegal or Improper Use of Drugs by Members of the Armed Forces")

excepts only the proper use by a patient of medically prescribed drugs from the definition of drug abuse. Quite obviously, the improper use of a properly prescribed drug is also drug abuse and is within the evils at which the regulation is aimed.

They contend that a complete reading of the regulation and the directive clearly reflects that

*the exception to the prohibition on possession intends to except only innocent possession—that is possession for a legitimate purpose at the time of possession—and does not except possession for an illegal purpose, even if the possession may have been originally secured for a legitimate purpose.*

Although the appellant was administered the drug pursuant to a doctor's prescription for a medical purpose, he did not use it for that purpose but diverted it to an improper and wrongful use. Counsel maintain that the record clearly reflects that the appellant obtained the secobarbital tablet under false pretense and for an illegal purpose; hence, his possession was unlawful and the plea was provident.

 Article 45(a), UCMJ, 10 USC § 845(a), provides that if an accused, after a plea of guilty is entered "sets up matter inconsistent with the plea, . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." Where inconsistent matter is set up, the judge has the duty to inquire into the circumstances, and if the accused persists in his statements, to reject the plea. Paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition); United States v Woods, 22 USCMA 137, 46 CMR 137 (1973), and cases cited at 139. A prior determination by defense counsel that there is a factual basis for the plea will not relieve the military judge of his responsibility. United States v Timmins, 21 USCMA 475, 45 CMR 249 (1972).

Paragraph 213b, Manual, supra, provides in part:

A person's possession or use of a drug is innocent when the drug has been duly prescribed for him by a physician and the prescription has not been obtained by fraud . . . . If an issue is raised by the evidence as to whether possession or use by an accused charged with this offense was innocent . . . a showing that

it was not innocent . . . becomes a requirement of proof.

■ In the case before us there is evidence tending to indicate that the accused's possession of the secobarbital was innocent. The stipulation of fact disclosed that it had been prescribed for him by a doctor following complaints of headache and an inability to sleep. There is also some evidence that the prescription may have been obtained by fraud. The accused acknowledged and the stipulation reflects that, contrary to the nurse's direction, he did not consume the secobarbital when administered (9:00 p.m.) but removed the tablet from his mouth and placed it in a syringe with water for later injection into his arm. Counterbalancing the inference which may be drawn from this evidence, there is no evidence in this record that the appellant did not suffer from the maladies of which he complained or, for that matter, that an intravenous injection of secobarbital would not alleviate them as well or better than oral consumption. In light of the existence of the prescription, the question of fraud became "a requirement of proof" (paragraph 213b, Manual, supra) into which the military judge should have inquired.

Given its best view, the evidence of innocent possession by no means establishes the appellant's lack of guilt as charged as a matter of law, but is inconsistent with his declaration of guilt to such an extent that the military judge was required to inquire further. United States v Timmins, supra. See also United States v Care, 18 USCMA 535, 40 CMR 247 (1969). We need not decide whether the matters herein would have improvidenced a plea of guilty to more carefully prepared charges.

That portion of the decision of the Court of Military Review affirming the appellant's conviction of Charge I is reversed. The Court of Military review may reassess the sentence on the basis of the remaining finding of guilty or a rehearing may be ordered.

Chief Judge DARDEN concurs.

QUINN, Judge (dissenting):

As I read the record, the accused's authority to possess the drug was limited to possession at the hospital and in the presence of medical personnel. Since the accused conceded that he possessed the drug elsewhere and in the absence of authorized medical personnel, his possession was wrongful. I perceive, therefore, no inconsistency with his plea of guilty, and I would affirm the decision of the Court of Military Review.